# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GLYNDA MYERS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No.: 1:11-cv-1948 (RC) |
| v. | : | |
| | : | |
| HOLIDAY INNS, INC., *et al.*, | : | Re Document No.: 9 |
| | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### GRANTING THE DEFENDANTS' MOTION FOR TRANSFER

### I. INTRODUCTION

This matter comes before the court on the defendants' motion to dismiss. The plaintiff is a District of Columbia resident who alleges that she was injured in a Georgia franchise of a Holiday Inn. The defendants are Holiday Inns, Inc., a corporation licensed to do business in the District; the Island Group, LLC, a franchisee of the Holiday Inn located in Georgia; and Holiday Hospitality Franchising, Inc., a licensing corporation. The plaintiff brings suit against all three defendants alleging negligence that resulted in physical injury. The plaintiff claims that this court has jurisdiction over the defendants pursuant to 28 U.S.C. § 1332(c)(1) and D.C. Code § 13-423, the District's long arm statute. The defendants move to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(2) or alternatively, 12(b)(3), asserting that the plaintiff's claim is barred for lack of personal jurisdiction and improper venue. For the reasons discussed below, the court transfers this matter to the Southern District of Georgia.

1

## II.  FACTUAL BACKGROUND

Glynda Myers ("the plaintiff") is a District of Columbia resident. The plaintiff names three defendants in the present action: Holiday Inns, Inc.,[1] incorporated in Delaware and having no ownership interest in Island Group ("HHI"); the Island Group, LLC,[2] a Georgia-based limited liability company with its principal place of business in Georgia, which owns and operates the Holiday Inn franchise where plaintiff alleges she was injured ("Island Group"); and Holiday Hospitality Franchising, Inc.,[3] a Delaware-incorporated licensing company ("HHFI") (collectively "the defendants"). Specifically, the plaintiff alleges that Island Group is liable under a respondeat superior theory of negligence for the acts of its employees, and that both HHI and HHFI are liable as controlling entities of Island Group. The defendants assert that this court must dismiss the plaintiff's negligence claim for lack of personal jurisdiction or, alternatively, improper venue.

The plaintiff was a guest at the Island Group's Holiday Inn franchise. Compl. ¶ 6. On November 6, 2009, after sunset, upon attempting to exit the hotel, the plaintiff alleges that she was instructed by a hotel employee to exit through the back door. *Id*. ¶ 7. The employee escorted her to the back door and held the door open for her to exit. *Id*. ¶¶ 7-8. The plaintiff then alleges that as she stepped out of the doorway, because there was little lighting and shrubs blocked her view of the surroundings, "she fell[,] striking her head, sustained right eye trauma, a laceration above her right eye[,] trauma to her ribs[,] and injured her right hand." *Id*. ¶ 9. The plaintiff has brought a negligence suit in this court seeking compensatory damages and attorney's fees. *Id*. ¶

---

[1] The plaintiff incorrectly named "Holiday Inn, Inc." as a defendant, and amended this in subsequent filings.

[2] The defendant alleges that Island Group is not an agent for Holiday Inns, Inc., the licensor (HHFI) or its parent, subsidiaries, successors, or affiliates. It further alleges that Island Group "is strictly a Georgia operation and has no contacts with the District of Columbia through advertisements or otherwise . . . [and] does not conduct business in the District []." Def.'s Mot. ¶ 4.

[3] HHFI holds a licensing agreement with Island Group.

14. She alleges that jurisdiction over all three defendants is appropriate in this court because Island Group is a party to the advertisements in the District of HHI and HHFI. Def.'s Mot. ¶ 8. The defendants ask that this court dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(2), for lack of personal jurisdiction, and Rule 12(b)(3), on the grounds that Island Group is the only properly named defendant, and jurisdiction notwithstanding, the appropriate venue is in Georgia where that franchise is located. Def.'s Mot. ¶ 9.

### III. ANALYSIS

#### A. Legal Standard for a Rule 12(b)(2) Motion to Dismiss

The defendant moves to dismiss the plaintiff's complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) challenges the personal jurisdiction of the court. To withstand a defendant's motion to dismiss under Federal Rule 12(b)(2), the plaintiff bears the burden of making a prima facie showing of specific and pertinent jurisdictional facts. *Reuber v. United States*, 750 F.2d 1039, 1052 (D.C. Cir. 1989); *Naegele v. Albers*, 355 F. Supp. 2d 129, 136 (D.D.C.2005); *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 116, 121 (D.D.C. 2000). "A plaintiff makes such a showing by alleging specific acts connecting the defendant with the forum." *Id.* (citing *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 787 (D.C. Cir. 1983). Unlike a 12(b)(6) motion to dismiss, this court need not treat all of a plaintiff's allegations as true when making a personal jurisdiction determination. The court may instead "receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts." *Philip Morris, Inc.*, 116 F. Supp. 2d at 120 n.4 (citation omitted). However, the court must resolve any

factual discrepancies with regard to establishing personal jurisdiction in favor of the plaintiff. *See Crane v. New York Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990).

## B. The District of Columbia Long Arm Statute

Where subject matter jurisdiction is based on diversity of citizenship, the District's long arm statute determines whether there is a basis for exercising personal jurisdiction over the defendants. D.C. Code § 13-423 (2001); *Crane*, 894 F.2d at 455. The long arm statute provides, in relevant part, that "[a] District of Columbia court may exercise personal jurisdiction over a person, who acts directly, or by an agent, as to a claim for relief arising from the person's . . . transacting any business in the District of Columbia[.]". D.C. Code § 13-423(a)(1) (2001). For a plaintiff to establish personal jurisdiction, she must establish that both the forum state's jurisdictional statute confers such jurisdiction, and that such exercise is in accord with the due process standard. FED. R. CIV. P. 4(k)(1)(A); *Lewy v. S. Poverty Law Ctr, Inc.*, 723 F. Supp. 2d 116, 122 (D.D.C. 2010). The District's long arm statute is coextensive with the constitutional requirements for personal jurisdiction, *Crane v. Carr*, 814 F.2d 758, 762 (D.C. Cir. 1987), and thus requires that "non-resident defendants have certain minimum contacts with the forum state, so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945); *Helmer v. Doletskaya*, 393 F.3d 201, 205 (D.C. Cir. 2005); *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 382 (9th Cir. 1988). Section 13-423 further provides that "[w]hen jurisdiction over a person is based solely upon this section, only claims for relief arising from acts enumerated in this section may be asserted against him." § 13-423(b).

In the District, for purposes of establishing personal jurisdiction under the "transacting business" provision in § 13-423(a)(1) and in accordance with the extensive application of the

4

long arm statute under the due process clause, the plaintiff must prove that the defendant purposefully established minimum contacts in the District. Because § 13-423(a)(1) is limited by § 13-423(b), this court is limited to exercising specific jurisdiction in that § 13-423(b) disallows "claims that do not relate to the acts that form the basis for personal jurisdiction." *Brunson v. Kalil & Co., Inc.*, 404 F. Supp. 2d 221, 227 (D.D.C. 2005) (citing *Schwartz v. CDI Japan, Ltd.*, 938 F. Supp. 1, 5 (D.D.C. 1996)). Under the general jurisdiction conferred by the long arm statute, the plaintiff must meet a three-pronged test as to not offend notions of fair play and substactual justice. The plaintiff must prove that that the defendant (1) transacted business in the District;[4] (2) that the claim arose from the business transacted in the District; and (3) that the defendant "had minimum contacts with the District of Columbia such that the Court's exercise of personal jurisdiction would not offend 'traditional notions of fair play and substantial justice.'" *Dooley v. United Technologies Corp.*, 786 F. Supp. 65, 71 (D.D.C. 1992), *overruled on other grounds*, (citing *Int'l Shoe*, 326 U.S. at 316). The minimum contacts test will only be satisfied if the defendants "purposefully avail[ed]" themselves "of the privilege of conducting activities within the forum," *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985), and if litigation in the forum is consistent with fair play and substantial justice, *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980).

### C. This Court Lacks Personal Jurisdiction Over the Defendants

For jurisdiction over the defendant to be conferred upon this court, "'the most critical inquiry is not whether the nonresident defendant is physically present in the forum[,] but whether the defendant's contacts with the forum are of such a quality and nature that they manifest a

---

[4] In the District of Columbia, "transacting business" for purposes of § 13-423(a)(1) "'embraces those contractual activities of a nonresident defendant which cause a consequence in the District.'" *Brunson*, 404 F. Supp. 2d at 227 (citing *Overseas Partners, Inc. v. PROGEN Musavirlik ve Yonetim Hizmetleri, Ltd. Sikerti*, 15 F. Supp. 2d 47, 51 (D.D.C.1998).

5

deliberate and voluntary association with the forum.'" *Shoppers Food Warehouse v. Moreno*, 746 A.2d 320, 326 (D.C. 2000) (citing *Mouzavires v. Baxter*, 434 A.2d 988 (D.C. 1981) (en banc)). The burden belongs to the plaintiff to establish that such personal jurisdiction over the defendant exists. Under *International Shoe* and *Burger King*, this inquiry requires asking whether the defendants were transacting business in the District. Because both HHI and HHFI cannot be said to have transacted business in the District, and because all events occurred in a jurisdiction other than the District, personal jurisdiction is lacking in this case.

The plaintiff alleges that because HHI advertised in the District, this is sufficient for "doing business" under the statute. But historically, advertisements have not been sufficient to establish personal jurisdiction. The plaintiff relies on *Shoppers Food Warehouse v. Moreno* to claim that the defendants purposefully availed themselves of the District forum, but that case fundamentally differs from the present case. In *Shoppers Food Warehouse*, the court answered the question of whether advertisements placed by a nonresident corporation for a chain of stores, some of which were located in or near the District, established an appropriate nexus for personal jurisdiction. The court found that the supermarket chain "conducted 'purposeful, affirmative activity' within the District of Columbia," by purposefully directing advertisements for its Maryland and Virginia stores at a potential customer base in the District of Columbia. Unlike the supermarket chain in *Shoppers Food Warehouse*, the defendants here cannot be said to have advertised for the Georgia franchise in the District. The advertisements in question did not encourage District residents to stay at the Island Group Holiday Inn. Certainly, advertisements for any District Holiday Inn franchise are insufficient to create a jurisdictional nexus between Atlanta, Georgia and the District of Columbia, or to reflect purposeful activity in the District relating to the Georgia franchise. Whereas it was reasonable in *Shoppers Food Warehouse* for

6

the defendants to anticipate that their advertisements would induce customers into shopping there, the defendants here did not engage in such related advertising. It would thus be unreasonable to conclude that a Georgia corporation is similarly situated to the corporation in *Shoppers Food Warehouse.*

The plaintiff further alleges that the defendants purposefully availed themselves of the District because they "contracted" with the Yellow Pages and other District newspapers. Pl.'s Opp. ¶ 4. It is true that under District law, negotiation, formation, and performance of contracts constitute "doing business" for purposes of personal jurisdiction. *Helmer*, 393 F.3d at 206. The plaintiff, however, does not conclusively establish that the ads in both the Yellow Pages and the newspapers were directed toward the Georgia hotel. Instead, those ads were directed toward a local Holiday Inn franchise.[5] Where in *Ulico Cas. Co. v. Fleet Nat'l Bank* such "contracting" was sufficient to meet the contracting business standard, in that case, the defendant's contract required extensive future contracts with the District such that it was safe to assume the defendant would engage in further substantive contact with the District. 257 F. Supp. 2d 142 (D.D.C. 2003). Further, the plaintiff also does not establish *who* placed the ads (*e.g.*, it could have been a local franchisee); without more, the plaintiff does not allege enough facts that allow for the presumption that the defendant transacted business in the District.

Even assuming *arguendo* that the defendant *was* transacting business in the District, the plaintiff cannot claim that a duty of care arose from the defendant's advertisements. *Bayles v. K-Mart Corp.*, 636 F. Supp. 852 (D.D.C. 1986). The plaintiff had the status of an invitee when she was staying at the Georgia hotel, and this status was not contingent upon the advertisements. Thus, this court cannot find that the plaintiff's claim is related to the defendant's advertising in

---

[5] The ad in the Yellow Pages that the plaintiff references is specifically with regard to a Holiday Inn located on New York Avenue in the District.

the district, even if these advertisements *were* for the Georgia hotel, because the plaintiff did not choose the hotel herself. Advertising in the District did not constitute "purposeful availment" of the benefits or privileges of this forum such that the defendant could reasonably anticipate being haled before a court in the District on a claim related to the allegedly negligent maintenance of a hotel far outside of this jurisdiction. *See Burger King*, 471 U.S. at 473 (holding that a defendant must "purposefully avail itself of the privilege of conducting activities within the forum"); *Shoppers Food Warehouse*, 746 A.2d at 326 (conferring personal jurisdiction on the District Court for the District of Columbia where the supermarkets were located in Maryland and Virginia). Any relationship between the defendant's purported advertising and alleged negligence would be far too tenuous to satisfy the requirements of due process for purposes of personal jurisdiction.

For jurisdiction to be conferred upon this court, the plaintiff's claim must also "arise out of" the transacted business. Some circuits use a liberal "but for" analysis to decide whether a plaintiff's claim rightfully "arose" from transacted business, *see Carnival Cruise Lines v. Shute*, 897 F.2d 377 (9th Cir. 1990), but even under that standard, jurisdiction in this case is lacking. Under the standard articulated in *Carnival Cruise Lines*, which is extremely broad, courts ask whether "but for" a contractual contact the plaintiff's injury would have occurred. Unreasonable assertions of jurisdiction in a "but for" circuit are remedied by the "unreasonableness" prong of the personal jurisdiction standard. *See Burger King*, 471 U.S. at 475. The standard in the District is much less broad, but the plaintiff does not satisfy even a "but for" analysis. *See Trerotola v. Cotter*, 601 A.2d 60 (D.C. App. 1991) (explaining that "the long arm statute requires that the claim raised have a discernible relationship to the 'business' transacted in the District" . . . [where] the critical test is whether the nonresident's conduct is such that he or she could

anticipate being "haled into court there") (citing *World Wide Volkswagen*, 444 U.S. at 297); *Everett v. Nissan Motor Corp. in U.S.A.*, 628 A.2d 106, 107 (D.C. 1993) (recognizing the "seminal requirement" that a nonresident defendant undertake "some affirmative act by which the defendant brings itself within the jurisdiction and established minimum contact") (quoting *Cohane v. Arpeja-California, Inc.*, 385 A.2d 153 (D.C. 1988). Not only were the advertisements for *local* Holiday Inn franchises, the plaintiff did not make the independent decision to stay at the Georgia hotel based on such advertisements. Def.'s Am. Rep. ¶ 6 ("[T]he plaintiff did not select this Holiday Inn Express, it was selected for her. [T]he Operations Manager at the Tricerion Group made the reservations for the entire party of employees, *including the Plaintiff*[,] to stay at this [hotel].") (emphasis added). Thus, the plaintiff's claim did not arise out of the defendant's alleged business in the District; the two are unrelated.

Again, even assuming *arguendo* that defendant's alleged contacts constituted "transacting business" under section 13-423(a)(1), due process considerations preclude the assertion of jurisdiction in this case. Under *Burger King*, where a plaintiff's claim does not arise out of a nonresident defendant's contacts with the forum, the defendant must have minimum contacts with that forum such that personal jurisdiction would not offend notions of fair play and substantial justice. *Burger King*, 471 U.S. at 475. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984); *Bayles*, 636 F. Supp. at 855 (finding that advertising and maintenance of a registered agent for receipt of process were insufficient contacts to satisfy due process). Like in *Bayles*, "'[t]here is no contention that defendant has corporate agents in the District who solicit sales or negotiate contracts on defendant's behalf.'" 636 F. Supp. at 856 (citing *Int'l Shoe*, 326 U.S. at 315). The District of Columbia Court of Appeals has further classified advertising contacts as merely intermittent rather than substantial and continuous,

9

rendering such contacts insignificant when the cause of action does not relate to the forum. *Hughes v. A.H. Robins Co., Inc.*, 490 A.2d 1140, 1151 (D.C. 1985). The plaintiff here has not alleged facts that demonstrate that defendant's contacts with the District are substantial and continuous such that subjecting the defendant to litigation here would not offend notions of fair play and substantial justice.

Neither HHI nor HHFI have transacted business with the District or have sufficient minimum contacts with the District to render personal jurisdiction appropriate. Not only does defendant HHI not identify itself as a Holiday Inn company, Def.'s Am. Rep. ¶ 1, the plaintiff does not allege sufficient facts to conclude that HHI has a management relationship with Island Group, therefore making Island Group subject to HHI's advertisements. *See* Pl. Opp. ¶ 2; Def.'s Ex. B. And, again, plaintiff does not establish that HHI placed the advertisements in question. Further, HHFI is merely a licensing company. HHFI has no ownership interest in or financial control over, does not provide funds for operating expenses or managers' salaries, and does not own, operate, manage, maintain, control policies or management of HHI or Island Group; there is no agency relationship. Def's. Mot. ¶¶ 6, 7. The plaintiff alleges that HHFI plays a critical role in the management and operation of Island Group, Pl. Opp. ¶ 3, but not only were these allegations not made in plaintiff's complaint, plaintiff's references to the licensing agreement do not help to advance her claim, *id.* The standards set forth in the licensing agreement do not reflect a management role over Island Group, and merely set a framework for professional upkeep. *Id.* ("Maintain the hotel in a clean, safe, and orderly manner and in first class condition, [and] provide efficient, courteous and high-quality service to the public[.]"). It is well established that section 13-423(a)(1) is not satisfied where all of the acts comprising a specific claim occurred in locations other than the District, *Appel v. Se. Employers Serv. Corp.*, 605 F. Supp. 74

(D.D.C. 1985), and that the virtual absence of any interest in the forum state in hearing this matter argues for dismissal for want of jurisdiction, *Willis v. Willis*, 655 F.2d 1333, 1339 (D.C. Cir. 1981). Thus, not only may this court not exercise personal jurisdiction over defendants HHI and HHFI, it may not exercise personal jurisdiction over the defendant Island Group either.

### D.  Venue

#### 1.  Legal Standard for a Rule 12(b)(3) Motion to Dismiss

The defendant alternatively moves to dismiss the plaintiff's complaints under Federal Rule of Civil Procedure 12(b)(3). Rule 12(b)(3) provides a basis for dismissing a complaint upon improper venue. FED. R. CIV. P. 12(b)(3). Under that Rule, a court should dismiss or transfer a plaintiff's complaint if the plaintiff's chosen venue is improper or inconvenient. While the plaintiff bears the burden of proving that venue is proper, a court should accept the plaintiff's well-pled factual allegations as true, resolve any factual conflicts in the plaintiff's favor, and draw all reasonable inferences in favor of the plaintiff. *Hunter v. Johanns*, 517 F. Supp. 2d 340, 342 (D.D.C. 2007); *Davis v. Am. Soc'y of Civil Eng'rs*, 290 F. Supp. 2d 116, 121 (D.D.C. 2003). The court need not accept the plaintiff's legal conclusions as true, *2215 Fifth St. Assocs. v. U-Haul Int'l, Inc.*, 148 F. Supp. 2d 50, 54 (D.D.C. 2001), but the defendant must present facts that will defeat the plaintiff's assertion of venue in order to prevail on the motion, *Hunter*, 517 F. Supp. 2d at 342.

#### 2.  Venue in the District of Columbia is Improper for the Plaintiff's Claims Against Island Group

The plaintiff relies on 28 U.S.C. § 1391 to establish proper venue. In a suit based on diversity jurisdiction, as is the case here, venue is proper in: "(1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that

is the subject of the action is situated; or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a). None of the events or missions giving rise to plaintiff's claims arose in this district. Under 28 U.S.C. § 1391(a), venue in the District of Columbia is not proper.

While this court lacks personal jurisdiction over Island Group, a federal district court in Georgia would be able to rightfully exercise jurisdiction. The defendant, in its motion, concedes that the plaintiff could, if she wished, bring suit in a Georgia court. Def.'s Mot. at 13. The defendants are located in Georgia, the acts comprising the basis of the plaintiff's complaint occurred in Georgia, the witnesses to the occurrence live and work in Georgia, and Georgia law should govern the present case. *See id*; *Bayles*, 636 F. Supp. at 856 (overturning the plaintiff's choice of forum based on considerations of equity and convenience to the defendant). Although defendants have moved for dismissal, generally, the practice in this District is to, in the "interest of justice," transfer cases to the appropriate judicial district rather than dismiss such cases for improper venue. 28 U.S.C.A. § 1406(a); *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 277 (D.D.C. 2002). In accordance with these principles and in the interest of justice, though the plaintiff's claims are not well suited for this court, the plaintiff's claims will be transferred to a Georgia court.

### IV. CONCLUSION

For the foregoing reasons, the court transfers this matter to the Southern District of Georgia. An order consistent with this Memorandum Opinion is issued this 16th day of January, 2013.

RUDOLPH CONTRERAS  
United States District Judge